```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

  MICHAEL CAMPBELL,                    1:19-cv-12211-NLH-AMD

            Plaintiff,                 **OPINION**

        v.

  UNITED PARCEL SERVICE, INC.,

            Defendant.

**APPEARANCES:**

MICHELLE J. DOUGLASS
DOUGLASS LAW GROUP, LLC
207 SHORE RD., SUITE 2
SOMERS POINT, NJ 08244

    *On behalf of Plaintiff*

JOSEPH C. DEBLASIO
JACKSON LEWIS P.C.
766 SHREWSBURY AVE
TINTON FALLS, NJ 07724

LUKE P. BRESLIN
JACKSON LEWIS P.C.
200 CONNELL DRIVE
SUITE 2000
BERKELEY HEIGHTS, NJ 07922

    *On behalf of Defendant United Parcel Service, Inc.*

**HILLMAN, District Judge**

   On September 7, 2017, Plaintiff, Michael Campbell, filed a complaint in New Jersey Superior Court, Atlantic County, against his former employer, Defendant United Parcel Service, Inc. ("UPS"), and five of his supervisors, Timothy McKeever, Kathleen

Weiner, Jean Guillemette, Kelly Given, and Jill Hayes. Plaintiff, employed at a UPS distribution warehouse in Pleasantville, New Jersey, claimed retaliation for engaging in whistleblowing activities concerning safety violations and medical record falsifications, among other things, in violation of New Jersey's Conscientious Employee Protection Act, N.J.S.A. 34:19-1, et seq. ("CEPA"). On January 19, 2018, all defendants filed their answers and affirmative defenses to Plaintiff's complaint. On April 17, 2019, during a break in the deposition of a non-party witness, Plaintiff filed a voluntary dismissal of all of the individual defendants. All but one of the individual defendants were citizens of New Jersey.

On May 7, 2019, UPS, the sole remaining defendant, filed a notice of removal of Plaintiff's complaint in this Court. The notice of removal averred that this Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a) because Plaintiff is a citizen of New Jersey and UPS is a citizen of Delaware (state of incorporation) and Georgia (its principal place of business), and the amount in controversy exceeds $75,000. The notice of removal also averred that the removal was timely because it was filed within 30 days "of receipt by it of a paper from which it could first be ascertained that this action is removable" - i.e., Plaintiff's April 17, 2019 voluntary dismissal of the non-diverse

defendants.  (Docket No. 1-1 at 2; 6-1 at 2.)  See 28 U.S.C. § 1446(b)(3) ("Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.").

On May 29, 2019, Plaintiff filed a motion to remand, which is currently pending before the Court.  Plaintiff argues that UPS's removal was untimely because it was effected more than a year after the commencement of Plaintiff's action in state court, citing 28 U.S.C. § 1446(c)(1).  Section 1446(c)(1) provides that for removal based on diversity of citizenship, "[a] case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action."  UPS filed its notice of removal one year and eight months after Plaintiff filed his complaint in state court.

In opposition to Plaintiff's motion to remand, UPS argues that Plaintiff's joinder of the individual defendants was in bad faith, and the one-year bar therefore does not apply.  UPS

argues that Plaintiff "has neither alleged, nor testified to, facts that could lead a reasonable trier of fact to conclude that Plaintiff has satisfied" the heightened pleading standard under CEPA to hold the individual defendants liable. (Docket No. 8 at 4.) Because Plaintiff's claims fail substantively against the individual defendants, UPS argues that Plaintiff did not have a valid basis for asserting those claims against them in the first place, thus demonstrating bad faith.

As set forth below, Defendant has failed to persuade the Court that Plaintiff acted in bad faith by bringing his claims against the individual defendants. Moreover, there is no showing that Plaintiff brought those claims specifically to defeat removal.

The analysis of whether a plaintiff has acted in bad faith by joining a non-diverse defendant for the sole purpose of defeating removal of his case under § 1332(a) derives from the fraudulent joinder analysis, which is typically invoked while the allegedly fraudulently joined non-diverse defendant is still in the case. "When a non-diverse party has been joined as a defendant, then in the absence of a substantial federal question the removing defendant may avoid remand only by demonstrating that the non-diverse party was fraudulently joined." Batoff v. State Farm Ins. Co., 977 F.2d 848, 851 (3d Cir. 1992) (citations omitted). The removing party carries a "heavy burden of

4

persuasion" in making this showing. Id. (citations omitted). (further explaining that "[i]t is logical that it should have this burden, for removal statutes are to be strictly construed against removal and all doubts should be resolved in favor of remand").

"Joinder is fraudulent where there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendants or seek a joint judgment." Id. (quotations and citations omitted). "If there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court." Id. (quotations, citations, and alterations omitted). Additionally, "where there are colorable claims or defenses asserted against or by diverse and non-diverse defendants alike, the court may not find that the non-diverse parties were fraudulently joined based on its view of the merits of those claims or defenses." Id. (citations omitted).

"[T]he inquiry into the validity of a complaint triggered by a motion to dismiss under Rule 12(b)(6) is more searching than that permissible when a party makes a claim of fraudulent joinder. Therefore, it is possible that a party is not

5

fraudulently joined, but that the claim against that party ultimately is dismissed for failure to state a claim upon which relief may be granted." Id. A district court errs if it converts its jurisdictional inquiry into a motion to dismiss. Id.

Here, UPS takes great pains to articulate why Plaintiff's CEPA claims against each of the individual defendants are without merit. To support its arguments, UPS extensively cites to Plaintiff's deposition, as well as the deposition of one of the individual defendants.

There are three major problems with UPS's efforts to prove Plaintiff's bad faith and therefore qualify for the exception to the one-year removal rule. First, UPS's arguments to challenge Plaintiff's claims against the individual defendants exceed even the prohibited Rule 12(b)(6) standard of review. This Court cannot analyze substantively the merit of Plaintiff's claims against the individual defendants through what amounts to a Rule 56 summary judgment standard of review to determine whether the individual defendants were joined to prevent removal. Moreover, unlike the typical fraudulent joinder analysis, these defendants are no longer in the case. For the Court to opine on the validity of claims against individuals who are not parties to the action would constitute an impermissible advisory opinion. If UPS believed that the individual defendants were included in

the action improperly, it could have sought removal at any time during the almost two years that Plaintiff's claims against them were pending and argue fraudulent joiner to support removal and oppose remand.

Second, UPS and the individual defendants filed their answers to Plaintiff's complaint on January 19, 2018, and proceeded through the discovery process for over a year and a half, including taking Plaintiff's deposition on December 10, 2018, Guillemette's deposition on February 11, 2019, and setting non-party witness depositions.[1]  Plaintiff's claims against the individual defendants were ostensibly just as unmeritorious then as UPS contends they are now.  The Court questions why the individual defendants filed an answer instead of moving to dismiss Plaintiff's claims against them, or move for summary judgment after Plaintiff's deposition, if Plaintiff's claims rise to the level of what UPS now argues constitutes bad faith. Instead, however, all defendants proceeded with discovery under a mutual presumption that Plaintiff was prosecuting his claims against the individual defendants in good faith, separate from any consideration of whether Plaintiff would ultimately prevail on his claims on the merits.

Third, UPS has not provided any evidence that the joiner

---

[1] None of the other individual defendants had been deposed prior to their dismissal from the case.  (Docket No. 8-1 at 3.)

of the individual plaintiffs - all superiors of Plaintiff who interacted with him during his tenure at UPS - "was in bad faith in order to prevent a defendant from removing the action" as required by § 1446(c)(1). To establish its heavy burden to show bad faith and to establish subject matter jurisdiction, UPS must show that Plaintiff had no real intention to prosecute the action against the individual defendants. The year and a half of discovery without any motion practice by the individual defendants seeking to remove themselves from the case because of Plaintiff's purported bad faith shows otherwise. See, e.g., Thomas v. John Fenwick Service Plaza, 2019 WL 2448519, at *4 (D.N.J. 2019) (citation omitted) (explaining that pursuant to § 1446(c)(1), the only way for a defendant "to evade the one-year limitation is if 'the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action,' and finding that this was "not a case where a plaintiff names a non-diverse resident defendant, never serves that defendant, and dismisses that defendant as soon as the one-year limitation in § 1446(c) expires," and "[m]oreover, there is no evidence that Plaintiff would have dismissed [the non-diverse defendant] within one year of filing the lawsuit but for an intent to prevent [Defendants] from removing the case to federal court").

The trigger for UPS's removal and now the basis for its bad faith argument in opposition to remand is Plaintiff's April 19, 2019 voluntary dismissal of the individual defendants. UPS characterizes Plaintiff's voluntary dismissal of the individual defendants during a non-party witness deposition as gamesmanship. UPS contends: "The sole basis for Plaintiff's dismissal of these Individual Defendants was that Plaintiff merely did not want these three individuals in the deposition room during non-party depositions, despite their legal right to be present given their status as named defendants. This sudden and unprompted dismissal of the Individual Defendants establishes that Plaintiff knew that the claims against the Individual Defendants were not cognizable, and never truly intended to prosecute those claims or seek a joint judgment against them." (Docket No. 8 at 5.)

Plaintiff's counsel relates a different motivation. Plaintiff's counsel states that during the deposition of the first fact witness, who was a low-level employee still employed by UPS, UPS had four individual defendants, a corporate representative, and the lawyers for both sides, all in a small conference room in a tactic to intimidate the witness. Plaintiff's counsel relates, "it was painfully obvious that the man was nervous, intimidated and that the reason his answers

9

were stilted and that he 'could not recall' was because of the presence of his higher level and full-time supervisors in the room." (Docket No. 13-1 at 16-17.) Plaintiff's counsel further relates that the fact witness asked to leave the deposition, claiming he had a delivery or some matter at home, and asked to come back later. (Id. at 17.) Plaintiff's counsel states that she "instinctively knew then that the defense tactic of intimidating this witness had worked," and as they waited for the second fact witness, Plaintiff and his counsel made the decision to release the individual defendants because they did not want the other two fact witnesses to be intimidated like the first. (Id.) Counsel also points out that defense counsel could have filed a motion objecting to the voluntary dismissal pursuant to N.J. Ct. R. 4:37-1(a), but they did not do so. (Id. at 17-18.)

Plaintiff argues that he is entitled to attorney's fees and costs pursuant to 28 U.S.C. § 1447, which provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Plaintiff contends that he is entitled to fees and costs because (1) UPS has not shown that the individual defendants were included in the action with the intention to defeat removal, and (2) because UPS is the one that has acted in bad faith. Plaintiff argues that UPS delayed and

did not use the discovery period diligently, and at the eve of the discovery deadline, it filed a motion seeking an additional 90-day extension of discovery.  Plaintiff contends that when it became apparent that UPS would not obtain its 90-day extension, it filed its notice of removal five days before the discovery deadline.  Additionally, Plaintiff argues that UPS did not institute its removal in good faith because it failed to acknowledge the one-year removal bar in its notice of removal, and it only conjured the bad faith exception in order to oppose Plaintiff's motion to remand.

Under section 1447 "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal.  Conversely, when an objectively reasonable basis exists, fees should be denied." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005).  "In applying this rule, district courts retain discretion to consider whether unusual circumstances warrant a departure from the rule in a given case." Id.

The Court's view of Plaintiff's argument regarding whether Defendant removed in bad faith mirrors its view of Defendant's argument regarding Plaintiff's choice of Defendants. Unwarranted gamesmanship and intellectual dishonesty are not to be encouraged or rewarded, and in the right case should be, and

will be, sanctioned.  But there is a certain amount of procedural jockeying and strategy in any given litigation.  In some cases the rules of procedure encourage such behavior because it may serve to join issues, narrow claims and parties, and promote efficiency.  That is not always the case, as the arguments here suggest on both sides, but a procedural system that leaps to sanctions and the imposition of costs virtually every time a party loses a procedural skirmish runs a impermissibly high risk of chilling vigorous advocacy in a system that thrives on it and requires it to achieve justice.

Here, there is more than enough evidence that Plaintiff's sudden dismissal of claims against non-diverse Defendants provided an objectively reasonable basis for the remaining diverse party to seek removal.[2]  Whether subjective motivations

---

[2] The Court notes that the one-year time limit in § 1446(b) is procedural, not jurisdictional, and it may be equitably tolled in certain circumstances, including when there are allegations of intentional misconduct by a plaintiff.  A.S. ex rel. Miller v. SmithKline Beecham Corp., 769 F.3d 204, 211–12 (3d Cir. 2014) (citing Ariel Land Owners, Inc. v. Dring, 351 F.3d 611, 616 (3d Cir. 2003)).  Additionally, although not the situation here, a district court has no authority to remand an action *sua sponte* if a defendant removes a case beyond the one-year limit and the plaintiff does not file a motion to remand within the thirty days of removal required by § 1446(c).  Ariel Land Owners, 351 F.3d at 616 ("Because failure to remove within the one-year time limit established by § 1446(b) is not a jurisdictional defect, a district court has no authority to order remand on that basis without a timely filed motion.").  This makes the one-year time limit in § 1446(b) effectively a waivable defense to removal.  This procedural ambiguity supports the objective reasonableness of Defendant's removal.

colored that decision, in whole or in part, is not the applicable standard.

Consequently, Plaintiff's motion to remand will be granted, and the case will return to New Jersey Superior Court, Atlantic County.  Plaintiff's request for sanctions will be denied.

An appropriate Order will be entered.


Date: <u>October 30, 2019</u>         <u>s/ Noel L. Hillman</u>
At Camden, New Jersey         NOEL L. HILLMAN, U.S.D.J.